**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**ROGER AND CAROL PFEIL, on**
**behalf of themselves and all**
**similarly situated persons,**

       **Plaintiffs,**

**vs.**                                **CASE NO.  4:06-CV-445-SPM**

**SPRINT NEXTEL CORPORATION, a**
**Kansas corporation; and EMBARQ**
**f/k/a SPRINT FLORIDA,**

       **Defendants.**
_____/

**ORDER DISMISSING CASE**

      **THIS CAUSE** comes before the Court upon "Embarq Florida, Inc.'s Motion

to Dismiss Plaintiffs' Amended Complaint and Memorandum in Support" (doc.

13) filed November 15, 2006; the response in opposition (doc. 19) filed

December 12, 2006; and the reply (doc. 24) filed December 21, 2006.

For the reasons set forth below, the Court finds the motion must be granted.

**BACKGROUND:**

      Plaintiff sues Defendants on a number of different theories, all of which

stem from the same factual allegations.  Plaintiffs signed up for Defendants'[1]

"Vacation Rate Service," whereby the customer's residential phone service is

temporarily suspended for a period of up to six months, enabling the customer to

retain the phone number and pay a lower monthly rate.  Such service is useful for

those who do not reside in one location year-round.

The Vacation Rate Service ("VRS") is advertised on Sprint's website as

follows: "While you're away, you will be billed half of your basic unlimited monthly

local service rate plus appropriate taxes."  Plaintiffs claim that Defendants added

to their bill a monthly $6.50 "interstate access surcharge" in contradiction to its

advertising.  Defendant Embarq filed the instant motion to dismiss.

## LEGAL STANDARD:

A motion to dismiss a complaint under Federal Rule of Civil Procedure

12(b)(6) tests the legal sufficiency of the complaint, not its substantive merits.

*See* Milburn v. United States, 734 F.2d 762, 764-65 (11th Cir. 1984).  A

complaint does not require detailed factual allegations to withstand a 12(b)(6)

motion. Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964 (May 21,

2007).  However, the complaint must allege facts sufficient "to raise a right to

relief above the speculative level." *Id.* at 1965.  When considering a motion to

dismiss, a district court is limited to "the well-pleaded factual allegations,

documents central to or referenced in the complaint, and matters judicially

---

[1] Defendant Sprint Nextel offers telecommunications services through defendant Embarq Florida, Inc. d/b/a Sprint Florida.  Sprint Nextel was voluntarily dismissed by Plaintiffs on May 24, 2007 (see doc. 35).

noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (*citing* Fed R. Civ. P. 10(c); Harris v. Ivax, 182 F.3d 799, 802 n.2 (11th Cir.1999)).  The district court construes the complaint in the light most favorable to the plaintiff, takes all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. Id. (*quoting* Omar v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003)).  The inquiry is directed to the plausibility of the grounds pleaded in support of the claim for relief, not their probability. *See* Twombly, ____ U.S. at ___, 127 S. Ct. at 1965.  "[A] well-pleaded complaint [will withstand a 12(b)(6) motion] even if . . . actual proof of [the] facts is improbable, and . . . 'recovery is very remote and unlikely.'" Id. (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A motion to dismiss for failure to state a claim necessarily implicates an analysis of the complaint under Federal Rule of Civil Procedure 8(a) to determine whether the complaint's allegations constitute a claim for relief. Fed. R. Civ. P. 8(a).  Under 8(a) a pleading need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Id.  The standard is a liberal one with the emphasis placed on whether the complaint affords the defendant sufficient notice of what the claim is and its grounds. Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1352 (11th Cir. 2005) (*quoting* United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)).  However, "conclusory allegations without notice of the factual grounds on which they purport to be based" will not withstand dismissal. Cooley v. Great S. Wood

Preserving, 138 F. App'x 149, 152 (11th Cir. 2005) (*quoting* Jackson v. BellSouth

Telecomm., 372 F.3d 1250, 1270-71 (11th Cir. 2004)).  While a plaintiff need not

plead specific facts, the pleader has to plead "enough facts to state a claim to

relief that is plausible on its face . . . [thereby] nudg[ing] [the claim] across the line

from [the] conceivable." Twombly, ___ U.S. at ___, 127 S. Ct. at 1974.  The

benchmark is whether the complaint identifies the claims with sufficient clearness

to allow a response. *See* Cooley, 138 F. App'x at 152 (*citing* Byrne v. Nezhat,

261 F.3d 1075, 1129-30 (11th Cir. 2001)).

## ANALYSIS:

### I.

Embarq's main argument in favor of dismissal is that the filed rate doctrine

bars all of Plaintiffs' claims.[2]  The filed rate doctrine "dictates that the rates a

carrier charges its customers for service,[3] once filed with and approved by the

FCC, become 'the law' and exclusively govern the rights and liabilities of the

carrier." Hill v. BellSouth Telecomm., 364 F.3d 1308, 1315 (11th Cir. 2004).

Consequently,

---

[2]  Plaintiff's allegation that Defendants improperly refer to the FCC tariff rather than the Florida tariff is of no moment, as the filed rate doctrine applies equally to both state and federal tariffs.  *See* Taffet v. Southern Co., 967 F.2d 1483, 1494 (11th Cir. 1992).

[3]  Plaintiffs' argument that they are not being provided any service at all is not well-taken. In addition to keeping the dormant phone number reserved for a particular customer, the vacation rate also permits calls to be forwarded from the dormant number to any other number, whether local or long-distance.  Additionally, 911 calls still work from a dormant number.  This availability certainly constitutes "service," whether or not Plaintiffs avail themselves of it.

> [n]ot only is a carrier forbidden from charging rates other than as
> set out in its filed tariff, but customers are also charged with notice
> of the terms and rates set out in that filed tariff and may not bring
> an action against a carrier that would invalidate, alter or add to the
> terms of the filed tariff.

Id. (*citing* Evanns v. AT&T Corp., 229 F.3d 837, 840 (9th Cir. 2000)(internal

footnotes omitted).

The rate at issue is laid out in section C.14.b.1.a. of the General Exchange

Tariff, which reads:

| The monthly charge for residence and business access line services will be billed at the following % of the tariff rate, excluding taxes and surcharges, e.g., SLC, 911 and USF: |
| --- |
| a)        Residence/Business Access Line only          50% |

Plaintiffs misinterpret this to mean that all taxes and surcharges are excluded

from the vacation rate—a position that ignores the federal government's

requirement that carriers pay certain taxes and surcharges regardless of any

discount offered.  Section C.14.b.1. simply means that the vacation rate is not

calculated by halving the sum of the usual monthly charge plus taxes and

surcharges.  Instead, the rate is calculated by halving only the base monthly

charge.  Appropriate taxes and surcharges are then added on to that half.  The

tariff does not exempt Vacation Rate Service from applicable taxes and

surcharges.  Plaintiffs' contrary argument is contradicted by the express

language in section C.14.b.1.

Because Defendants' tariff specifically provides for taxes and surcharges

to be added to the vacation rate, any attempt to modify or reduce that tariff

amount is prohibited by the filed rate doctrine.  Each count of Plaintiffs' complaint specifically asks for relief which would effectively reduce the tariff rate, either in the form of refunds or an injunction prohibiting Defendants from collecting the surcharge.  Thus, the claims in the complaint are barred by the filed rate doctrine and must be dismissed.[4]

## II.

Some plaintiffs have attempted to sidestep the filed rate by claiming they are not challenging the rate itself and are not seeking to alter or invalidate the rate; rather, they contest the representation of the rate (*i.e.*, the charge was not disclosed in the advertisements).  This argument, however, was rejected by the Eleventh Circuit in Hill based upon an analysis of two similar cases from other circuits and an examination of the two principles underlying the filed rate doctrine (nondiscrimination and nonjusticiability).  The Hill court found that all of the appellant's state-law claims (fraud and negligent misrepresentation, conversion, unjust enrichment, breach of duty of good faith and fair dealing, and breach of contract) implicated the filed rate doctrine because she sought recovery of the charges she paid, thereby effectively reducing the rate charged to her.  Id. at 1316. To the extent Plaintiffs in the instant case make the same argument, their claims fail as well.

_____

[4] Any claim that Plaintiffs relied to their detriment on the different rates advertised on the website is negated by the fact that customers are presumed to know the rates contained in properly-filed tariffs.  Hill v. BellSouth Comm., 364 F.3d 1308, 1316 (11th Cir. 2004)(*citing* Evanns v. AT&T Corp., 229 F.3d 837, 840 (9th Cir.2000)).

**III.**

Plaintiffs argue that they simply seek to enforce the rate advertised by Sprint/Embarq.  However, the filed rate doctrine "disallow[s] suits brought to enforce agreements to provide services on terms different from those listed in the tariff."  AT&T Co. v. Cent. Office Tel., 524 U.S. 214, 229 (1998).  If Plaintiffs simply sought equitable relief requiring Defendants to include the IAS charge in their advertised price, that would most likely be permissible under the doctrine, because such relief would not involve modifying the tariff rate.  *See, e.g.*, Marcus v. AT&T Corp., 138 F.3d 46, 62 (2d Cir. 1998) However, Plaintiffs seek to force Defendants to adhere to what they perceive to be the advertised price (*i.e.*, excluding all surcharges), thus providing services "on terms different from those listed in the tariff."  *See* doc. 11-2 at 21 ¶ d.  Consequently, this argument is barred.

**IV.**

In some form or another, each count in the complaint implicates the filed rate doctrine, either by effectively requesting a discounted rate for service (through a refund, constructive trust, or an enforcement of the "perceived" contract), or by requesting to be excused from paying the surcharges at all.  Any "damage" suffered by Plaintiffs "'is illusory, because [they] have merely paid the filed tariff rate that [they] were required to pay.'" Marcus, 138 F.3d at 64 (*quoting* Porr v. Nynex Corp., 60 N.Y.S.2d 440, 447 (N.Y.A.D. 2d Dept. 1997).  Defendants have charged only the rates listed in the tariff and cannot be held

liable under any theory proposed by Plaintiffs.  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.      The motion to dismiss (doc. 13) is hereby *granted.*

2.      This case is *dismissed.*

**DONE AND ORDERED** this <u>seventh</u> day of June, 2007.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge